

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00278-CV

_____

ROBERT WAYNE JOHNSON, Appellant

V.

SEATTLE BANK, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-001893-1

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

In this forcible-detainer appeal, Appellant Robert Wayne Johnson appeals from the trial court's June 11, 2025 "Order for Possession" awarding Appellee Seattle Bank possession of the subject premises.

After we received Johnson's notice of appeal, we learned that the writ of possession issued in the case had been executed on July 2, 2025, and that Johnson was no longer in actual possession of the property at issue.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible-detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787.

We notified Johnson of our concern that the appeal had become moot and that we therefore had no jurisdiction. We stated that we would dismiss the appeal for want of jurisdiction unless Johnson or any party wishing to continue the appeal filed a response, within ten days, showing grounds for continuing the appeal. Ten days have passed, and we have received no response.

Here, as evidenced by the executed writ of possession, Johnson is no longer in actual possession of the property, and he has not presented any other basis for claiming a current, actual right to possession. *See id.*; *Holt v. McQueen*, No. 14-09-

00193-CV, 2009 WL 1795698, at *1 (Tex. App.—Houston [14th Dist.] June 25, 2009, no pet.) (mem. op.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.) ("Lack of any basis for claiming a current right to possess a residential premises renders an appeal from a judgment of possession moot.").

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785; *Hizar v. 777 ER, LLC*, No. 02-24-00549-CV, 2025 WL 876778, at *1 (Tex. App.—Fort Worth Mar. 20, 2025, no pet.) (per curiam) (mem. op.) (vacating judgment and dismissing case as moot in appeal from a forcible detainer judgment).

/s/ Brian Walker

Brian Walker
Justice

Delivered: October 23, 2025